UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.09-60029-Civ-Hurley/Hopkins

GOLD COAST PROPERTY MANAGEMENT,
INC.,

        Plaintiff,

vs.

VALLEY FORGE INS. CO.,

        Defendant.
_____/

### ORDER AND REPORT AND RECOMMENDATION AS TO DEFENDANT VALLEY FORGE INSURANCE COMPANY'S EXPEDITED MOTION TO COMPEL DEPOSITIONS AND IMPOSE SANCTIONS (DE 183)

**THIS CAUSE** has come before this Court upon an Order referring all discovery to the undersigned United States Magistrate Judge for final disposition. (DE 29). This Court has before it Defendant's Expedited Motion to Compel Depositions and Impose Sanctions, Plaintiff's's response, and Defendant's Reply. (DEs 183, 223, 227). The matters are now ripe for review. For the reasons that follow, this Court **DENIES** the Expedited Motion to Compel as moot, and **RECOMMENDS** that the motion for sanctions be **DENIED**. (DE 183).

### BACKGROUND

Plaintiff filed the instant action in December of 2008, claiming that Defendant failed to fully pay on an insurance claim it made for damages purportedly sustained after Hurricane Wilma struck in October, 2005. (DE 1, exh. A; DE 141, pg. 1). Plaintiff's complaint alleges causes of action for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. (DE 1, exh. A). Defendant removed the matter on December 31, 2008. (DE 1).

After Plaintiff and non-party Berger Commercial Realty failed to appear for their

depositions, the instant motion followed. (DE 183).

## DISCUSSION

### Motion to Compel Deposition

The parties both agree that the issue of compelling Plaintiff and non-party Berger Realty to appear for depositions is now moot because this Court has previously entered an Order denying Plaintiff's Motion for Protective Order, wherein Plaintiff sought to preclude the depositions from occurring until Defendant produced documents in response to discovery requests. (DE 223, pgs. 2-3; DE 227, pg. 1; DE 225). As such, Defendant's Expedited Motion to Compel Depositions is **DENIED** as moot. (DE 183).

### Motion for Sanctions

Notwithstanding the fact that the parties have resolved Defendant's Motion to Compel, Defendant still seeks the imposition of sanctions for Plaintiff's failure to appear at the deposition. (DE 183, pgs. 3-10; DE 227, pg. 1-2). Defendant does not definitively state which type of sanction is requested. (DE 183, pgs. 9-10). Nevertheless, this Court concludes that no sanctions should be imposed.

### 28 U.S.C. § 1927

With regard to Defendant's request for sanctions under 28 U.S.C. § 1927, (DE 183, pgs. 5-7), such section permits a court to sanction an attorney "who . . . multiplies the proceedings in any case unreasonably and vexatiously." "The statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Schwartz v. Millon Air, Inc.*, 341 F. 3d 1220, 1225 (11th Cir. 2003) (*quoting Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (*as quoted by Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir.

2

1993)).  A finding of bad faith, which is the "touchstone," is warranted "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims."  *Schwartz*, 341 F.3d at 1225 (*citing Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1320 (11th Cir. 2002)).  *See also Amlong & Amlong, P.A. v. Denny's Inc.*, 457 F.3d 1180, 1193 (11th Cir. 2006) (noting that where an attorney "knowingly or recklessly " pursues a frivolous claim, or needlessly obstructs the litigation of a non-frivolous claim, then the Court may impose sanctions under section 1927).  Section 1927 is not a "catch-all" for sanctioning merely objectionable conduct by counsel.  *See Schwartz*, 341 F.3d at 1225.

  For several reasons, Defendant's request for sanctions under section 1927 lacks merit.  First, because section 1927 applies only to attorneys or persons admitted to conduct cases in a court of law, *see Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991), Gold Coast cannot be sanctioned.

  Second, Defendant has failed to show that Plaintiff's counsel has engaged in bad faith.  This Court agrees with Defendant that it previously concluded that Plaintiff was not entitled to preclude the taking of depositions.  (DE 225).  However, such finding does automatically compel a finding that counsel for Plaintiff acted in bad faith.  Rather, in light of the litigation tactics described by Plaintiff in its Motion for Protective Order, (DE 163), one could argue that Plaintiff's failures to appear for deposition were at least understandable, even if not condoned by the Federal Rules.  Nevertheless, because the Federal Rules did not support Plaintiff's request to preclude the depositions until document production was completed, this Court was required to deny the Motion for Protective Order.  (DEs 163, 225).

Moreover, it could be argued that Defendant's filing of the instant motion was itself done in bad faith because, as noted by Plaintiff, the instant motion is nothing more than what should have been argued in response to Plaintiff's Motion for Protective Order. (DE 163; DE 223, pg. 1-2). Defendant now seeks to compel the very same depositions which Plaintiff sought to preclude. (DE 163, 183). There was no need to file a separate motion for such relief. Rather than multiplying the proceedings and wasting the time of opposing counsel and the court with pleadings that address the same issues, Defendant could have easily moved to compel the depositions in response to Plaintiff's underlying motion for protective order. However, Defendant inexplicably failed to do so. (DE 189, pgs. 1-7).

**Inherent Authority of the Court**

With regard to Defendant's request for sanctions under the inherent authority of the Court, (DE 183, pgs. 5-7), a finding of bad faith is again required. *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking the inherent power of the Court is a finding of bad faith."). This Court's conclusion that Defendant has failed to demonstrate bad faith need not be readdressed here.

**Rule 37**

Defendant's reliance on Rule 37 likewise fails. (DE 183, pgs. 8-10). Because Defendant's motion for sanctions fails to include the required certification, this Court concludes that sanctions are not warranted. *See* Fed. R. Civ. P. 37(d)(1)(B) (2009) (noting that the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action"). Moreover, even if the motion did contain the proper certification, in light of the fact that both

Plaintiff and Defendant have been engaging in less than professional litigation tactics, in that both sides have failed to appear for deposition, "the circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3)(2009).

Certainly, Plaintiff's failures to appear for deposition are objectionable. However, such allegation can not be properly be examined in a vacuum, without reference to all the other circumstances of the case. Defense counsel, Lori Vella, has herself engaged in the very conduct complained of herein. Notwithstanding this Court's Order dated January 7, 2010, wherein this Court concluded that Plaintiff was entitled to depose Vella, Vella failed to appear, on two occasions, for her own deposition. (DEs 198, 221, 222).[1] Such tactics violate the spirit of the Federal Rules of Civil Procedure, and no party to litigation should be subjected to such tactics. However, neither should a party who engages in such tactics be rewarded when his or her opponent engages in the same. This Court therefore concludes that an award of sanctions to Defendant under the present circumstances would be inequitable.

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Impose Sanctions. (DE 183).

## CONCLUSION

This Court **DENIES** Defendant's Expedited Motion to Compel Depositions, and **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Impose Sanctions. (DE 183).

---

[1] This Court notes that on January 21, 2010, this Court entered an Order permitting Lori Vella's deposition to proceed on January 27, 2010, in light of the parties' agreement. (DEs 240, 241).

5

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation.  *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1)(providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** in Chambers this 22 day of January, 2010, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of Record